

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00166-CV

———————————————

DAN SIMMONS; SIMMONS & ASSOCIATES OF NORTH TEXAS, P.L.L.C;
DS FAMILY, LP; FINANCIAL WORX, LTD.; AND SEKURE CONNEKT, LTD.,
Appellants

V.

RICHARD WYLIE, INDIVIDUALLY; KSW CPA, P.C. FKA SIMMONS &
WYLIE, P.C.; AND HMSW CPA, P.L.L.C., Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-255831-11

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellants Dan Simmons; Simmons & Associates of North Texas, P.L.L.C.; DS Family, LP; Financial Worx, Ltd.; and Sekure Connekt, Ltd. brought this interlocutory appeal challenging the trial court's temporary injunction enjoining Dan Simmons from providing public accounting services, whether personally or through any other entity or individual professionally associated with him, to certain clients. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). After the parties filed their briefs, we received a suggestion of bankruptcy, which resulted in this appeal being suspended and administratively closed. *See* Tex. R. App. P. 8.2. We subsequently reinstated this appeal after appellants filed a motion for reinstatement apprising us that the bankruptcy court had modified the automatic bankruptcy stay to allow this appeal to proceed. *See* Tex. R. App. P. 8.3(a).

This court has now been apprised that the trial court has rendered a final judgment in the underlying cause. Among other things, the final judgment orders that "[a]ny injunctive relief previously granted is terminated." Concerned that the trial court's final judgment rendered this appeal moot, we notified the parties by letter dated July 11, 2019, informing them of our concern and requesting them to file a response by July 22, 2019, showing grounds for continuing this appeal. We stated that if we did not receive a response by that time, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. No parties filed a response.

It is well-settled that a temporary injunction expires upon the rendition of a final judgment. *See Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh'g). A final judgment thus renders an interlocutory appeal from a temporary injunction moot. *See id.* Accordingly, because the trial court's final judgment in the underlying cause has rendered moot appellants' appeal from the temporary injunction, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3; *Jordan*, 89 S.W.3d at 741.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: August 8, 2019